# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

## ERNEST BROWN v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

May 7, 1909.

Nos. 16,017—(2).[2]

**Negligence — Question for Jury.**

In an action to recover damages for personal injuries, it is *held* that the evidence as to the cause of the injury and the negligence of the defendant was sufficient to make a case for the jury.

**Evidence — Admission of Agent.**

A witness having testified that he knew in whose employ an attending physician was, it was error to refuse to allow him to state whether or not the physician was in the employ of the defendant.

Action in the district court for Ramsey county to recover $25,000 for personal injuries sustained while employed as brakeman by defendant. The case was tried before Orr, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion to set aside the verdict and for a new trial, he appealed. Reversed and new trial granted.

*D. J. Coleman* and *W. B. Douglas,* for appellant.

*A. H. Bright* and *Munn & Thygeson,* for respondent.

[1] Reported in 121 N. W. 123.　　　　[2] April, 1909, term calendar.
108 M.—1.

ELLIOTT, J.

This action was commenced against the railway company by one of its employees to recover damages for personal injuries alleged to have been caused by the negligence of the company. The trial court directed a verdict for the defendant, and the appeal is from an order denying the plaintiff's motion for a new trial.

The appellant was employed by the respondent as a brakeman on a train running between certain stations in the state of Michigan. In the course of his duties he was required to flag an approaching train. In order to do this he had to walk back along the track for about a mile and place torpedoes on the track in the manner prescribed by the rules of the company. These torpedoes were to be so placed on the rails as to explode when the train passed over them, and thus warn the men in charge of the train of the existence of certain conditions. The appellant testified that after he had gone a short distance on the track his foot seemed to strike something, and a heavy explosion came from under him, which knocked him down and rendered him insensible. At the time of the explosion and fall something entered his eye and so injured it that the eye had to be removed. In directing the verdict, the trial court said that it might be conceded and assumed that "the plaintiff was injured while walking along the railroad track in the performance of his duty; that he did come in contact with a torpedo; that the torpedo exploded and injured him, as he states, whereby he lost his eye; and that the piece of tin in question, concerning which some interrogation was made, was in fact removed from his eye by the surgeon. Assuming all these things to be true, the court is of the opinion that these facts are not sufficient to support a verdict. There is no evidence of any fact or character stating when, where, by whom, or how long the torpedo was placed there."

1. The evidence tended to show that the plaintiff was injured in the manner stated, and the jury might have inferred that the injury was caused by a torpedo which had been negligently left on the track, where employees were required to work. Railway v. Shields, 47 Oh. St. 387, 24 N. E. 658; 3 Elliott, Railroads, § 1260; Illinois v. Leisure's Admr. (Ky.) 90 S. W. 269. Torpedoes were in common use by the company, and were by its rules required to be used for

signaling approaching trains.   It appeared that they were sometimes left on the track, and the facts and circumstances made a case which required the company to overcome the inference of negligence which arises when dangerous explosives are left in a place where employees must work.   The knowledge of what had been done for the protection of employees was in the possession of the defendant, and the plaintiff had made a case which required it to disclose the facts.   As a new trial must be granted, we refrain from commenting on the evidence.

2. After the appellant was injured, he was taken to a hospital, where the injured eye was removed.   It was claimed that a small piece of tin was removed from the eye, and for the purpose of showing this fact, and statements made by the physician, the plaintiff offered to show that the physician was at the time in the employ of the railroad.   The plaintiff being on the stand, the record shows the following proceedings:

"Q. Do you know in whose employ the physician who waited on you and performed the operation was?   A. Yes, sir.   (Objected to as immaterial, and not the best testimony. · Objection sustained. Exception by plaintiff.)

"Q. Do you know whether or not he was the company's physician? (Objected to as immaterial, and not the best testimony.   Objection sustained.   Exception by plaintiff.)

"Mr. Coleman: I propose to show that this doctor who performed this operation was the company's physician and in their employ, and that any declaration or statement made by that doctor to this plaintiff is admissible, as an agent of the defendant company, against interest.   (Objection sustained.   Exception by plaintiff.)"

If the physician was, at the time of the operation, in the employ of the railroad company, it was competent for the plaintiff to show statements made by him at the time as to the condition of the wound and that the article which he then exhibited to the patient had been taken from the eye.   The witness had stated positively that he knew in whose employ the physician was.   Cross-examination as to the source and extent of his knowledge would have been proper; but, as the record stood, the foundation was sufficient, and the court should have allowed the question to be answered.   The evidence which· was

excluded was material to the plaintiff's case, as it tended to connect the injury with what the plaintiff claimed was the cause of the action.

The order of the trial court is therefore reversed and a new trial granted.